This case comes on upon a general demurrer. The bill does not state that any of the debts which the specific legacy of the Complainant was sold to pay, were specialty debts that bound the heir or devisee. It is therefore proper to examine the question, as if that legacy had been sold to satisfy simple contract debts only. What difference there might be in the case, provided those debts had been due by specialty, and bound the heir and devisee, it is not necessary now to examine. Admitting the fact, that the debts discharged by the sale of Complainant's legacy, were simple contract debts, it cannot be successfully contended, that Fleming, the devisee, was bound to contribute, because, in this State, lands are bound for the payment of debts of all kinds. It is true, that the statute of 5 Geo. II, ch. 7, as well as our own statute law, imposes upon lands that liability, and an execution taken out would subject them, as well as the personal estate, in the hands of any person who is the owner of both. But after the death of that person, the lands cannot be legally subjected to an execution issuing upon a judgment obtained against his executor or administrator. The executor or administrator has nothing to do with the land. It descends to the heir, or goes to the devisee; and neither of them can be divested of it without notice, without being made a party to some proceeding instituted against him for that purpose. How this was done before the year 1784, or whether any regular mode was pursued, does not appear. It appears probable, that there was no regular mode; for the act of 1784, ch. 11, in its preamble declares, that "Whereas doubts are entertained, whether the real estate of deceased debtors, in the hands of heirs and devisees, shall be subject to the payment of debts upon judgments obtained against executors or administrators, in order to remove such doubts in future, and to (201) direct the mode of proceeding in such cases, be it enacted, c." The act then directs a scire facias to issue, to give the heir or devisee notice, c., and in the 5th section, power is given to the heir or devisee, to plead that the executors or administrators have assets in their hands to pay the judgment, or have wasted or concealed them: and to have an issue made up to try that fact. If upon the trial of such issue it shall be found that they have assets, no judgment can be *Page 155 
pronounced against the heir or devisee, upon the scire facias. So that it is clear, lands cannot be made liable to the payment of simple contract debts, except where there is no personal estate in the hands of the executors or administrators.
It would appear strange, then, to say that Fleming, as devisee, should contribute to the payment of simple contract debts, when the land devised to him was not answerable as long as there was personal estate. Heirs and devisees cannot be sued, in the first instance, for simple contract debts. Lands cannot be subjected to the payment of such debts, except in the way pointed out by the act of 1784. The act of 5 Geo. II, as well as an act of 1777, makes lands liable: the act of 1784, points out the mode of proceeding against them after the death of the debtor.
But, it is said, the executors in this case were authorized by the will, to sell any part of the estate they pleased, for the payment of debts; and, as they thought proper to sell the land devised to Fleming, the proceeds of that sale are liable to the payment of debts, and therefore the Complainant is entitled to recover the full amount of his legacy, out of the proceeds of such sale. On this part of the case, it is to be observed, that the testator himself might have subjected any part of his estate he pleased to the payment of debts: if he has not done so, the law will do it for him. I think he has not done so: for, by giving the executors the power to sell the real estate, he has not transferred the liability of the personal estate to the payment of debts, to the real estate: in other words, the executors have not, by the will, power to ruin one legatee by selling his legacy, and place another in the full enjoyment of his (202) legacy, because they do not think proper to sell it. The right of compelling contribution remains as it would, if one legacy was sold by execution and another not, which was equally bound for the debt. Let us then suppose, that the land in question had been devised to A B, and not to Fleming, and the executors had thought proper to sell it. Certainly A B would have a right to call upon the legatees of the personal estate to make his devise good to him, because it had been sold to satisfy debts for which it was not liable, but for which their legacies only, were liable. If this be correct, the money for which the land was sold being in the hands of Fleming, is where the law would place it: for, if that money had gone in discharge of debts, the Complainant's legacy would be bound to make it good. The reason why power is frequently given to executors to sell property at discretion to pay debts, is, that they may not be tied down to the slow mode of proceeding *Page 156 
pointed out by law, by applying to Courts for permission to sell property, when they shall be notified of debts existing against the estate.
Another circumstance has been relied upon, and that is, that Fleming is an alien, and cannot hold lands. Whether he can hold lands or not until office found, I shall not enquire: I shall only refer, in support of the affirmative of the proposition, to Co. Lit. 2 B. 52 B., 129. Dyer 2 B. Powell on Devises, 316. 10 Mod., 128. 7 Cranch, 619. I Mass., 256. Suppose, for the sake of argument, that the heirs at law are entitled: this suit is not brought by the Complainant in that character. It does not appear who the heirs at law are. The bill is brought by the Complainant to compel Fleming to make good his legacy, which was sold for the payment of debts, or to contribute thereto. Whether the land be devised to an alien; if it be, whether the heirs at law be entitled, or whether it escheats, matters not. It is not liable to the payment of debts (203) until the personal estate be exhausted. Whatever view, therefore, I have been enabled to take of the subject, I am convinced the demurrer should be sustained and the bill dismissed.